Firth *et al.* agt. Roe.

For these reasons, as well as for those so ably expressed by the learned judge in his opinion at special term, I am of the ppinion that no creditor can reach this personal privilege of the defendant, and the order should be affirmed.

## SUPREME COURT.

ELIZABETH FIRTH *et al.* agt. CHARLES A. ROE, GEORGE W. BERGEN and G. EDWARDS CARLL, individually and as formerly county treasurers of Queens county.

*Demurrer to complaint—improper joinder of causes of action.*

A joint action will not lie against three successive county treasurers to recover damages for alleged misinvestment and mismanagement of trust funds.

They are not co-trustees. Each is a trustee successively, and has no control over the other, and is liable for his own acts only. There could be no contribution between them.

*Special Term, April,* 1879.

THIS action was brought to recover damages for alleged misinvestment and mismanagement of trust funds.

The complaint alleged that in 1867 and 1868 certain moneys ($8,953.60) were deposited with the county treasurer, the defendant Roe, to be invested, the income to be paid to Sarah E. Firth, the widow of one John Firth, to whom the property belonged, during her lifetime, as and for her dower, and at her death the principal to be paid to the plaintiffs, the children of decedent.

That the interest was paid said widow until her death, which occurred April 14, 1878.

That by order of this court, dated May 7, 1878, the county treasurer, the defendant Carll, was directed to pay the principal to the plaintiffs; and that in part performance of said order said Carll paid plaintiffs the sum of $3,200, and has

refused to pay the balance, and the sum of $5,753 is now due and unpaid.

That of said sum of $8,953.60, the sum of $3,500 was invested by said Roe on a certain bond and mortgage. That at the time such investment was made the mortgage was not sufficient security. That he subsequently illegally and without consideration released a portion of the property from the lien of the mortgage.

That the defendant Bergen succeeded Roe as such treasurer, and that he allowed the investment to remain as it was, and also illegally and without consideration released another portion of the mortgaged premises.

That the defendant Carll succeeded Bergen as such treasurer, and also allowed such investment to remain as it was, and finally foreclosed the mortgage, without including the premises so released; and that he ought to have included the premises so released, such release being fraudulent, illegal and void.

That upon a sale under said foreclosure a loss occurred.

The complaint further alleges that of said sum of $8,953.60, said Roe further invested the sum of $2,513.60 on a certain other bond and mortgage; that the same were not sufficient security, and ought not to have been taken by him.

That his successor, the defendant Bergen, allowed such investment to remain as it was; and that his successor, Carll, also did the same, and finally foreclosed the mortgage at a sacrifice, and by his misappropriation of the proceeds of such foreclosure a still further loss ensued.

The defendants severally demurred to the complaint, on the ground of improper joinder of causes of action.

The case was submitted on briefs April 14, 1879.

*Downing & Stanbrough,* for defendants Roe and Carll.

*Horace Secor, Jr.,* for defendant Bergen.

*R. H. Bowne,* attorney, and *Joshua M. Van Cott,* of counsel for plaintiffs.

Firth *et al.* agt. Roe.

*Mr. Secor*, on the part of the defendants, cited Code, section 484; *Earle* agt. *Scott* (50 *How. Pr.*, 506); *Jackson* agt. *Brookins* (5 *Hun*, 530); *Moremus* agt. *Crawford* (15 *id.*, 47); *Hess* agt. *Buffalo, &c., Co.* (29 *Barb.*, 391). The case of the *N. Y. and N. H. R. R. Co.* agt. *Schuyler* (17 *N. Y.*, 592) is not in point. There is no common right against these defendants. It is not an equity case, but a simple common-law action for damages for alleged negligent acts by each defendant. They are entitled to no relief — only to judgment for damages; and their prayer for equitable relief is nugatory (*Short* agt. *Barry*, 3 *Lans.*, 143; *Graves* agt. *Speir*, 58 *Barb.*, 349).

*Judge Van Cott*, for plaintiffs, claimed that the case was a clear one for contribution between trustees who were all delinquent. That it was a general principle in respect to parties in equity, to require all to be joined whose presence is necessary to a complete and final determination of the matters involved (*Story Eq. Pl.*, secs. 207–220; *Sherman* agt. *Parish*, 53 *N. Y.*, 483, 489, 490, *per* FOLGER, J.). "It is a general rule that one trustee shall not be liable for the acts or defaults of his co-trustee. This rule has its limits. * * * And if he were, when called upon to account, held chargeable, he should be afforded his remedies against his co-trustees and any third persons who have been accessory. * * * Hence it is that the first question arising is, whether the plaintiff is not in fault in bringing before the court all the parties necessary for a determination of the whole case, so as to protect the defendants as well as the plaintiffs. It is quite clear that if the defendant had been held to answer in the first instance to the plaintiff, he should have recompense from the estate of the active trustee, contributed from that of the co-trustee equally in fault, and be enabled to pursue and recover the fund in the securities in which it has been put, and in the hands of third parties receiving it with knowledge. It is convenient that those he may thus call upon

Firth *et al.* agt. Roe.

should be parties in the action; thus multiplicity of suits is avoided. The evidence affecting him in favor· of the plaintiff will have its legitimate effect against others, and so divers results in different actions be escaped, and one judgment in one action upon one hearing end all." The defendants were properly joined. There is a' perfect unity of fund and identity of duty in respect of it, and a clear unity of liability for the waste of it. The order and proportion in which the defendants are chargeable, in equity, for their respective *devastavits* can properly be adjusted in one action, and the plaintiffs are not bound to incur the expense and risk of separate actions to adjust the order and proportion of their several liabilities (*Sherman* agt. *Parish, supra ; see, also, Code, sec.* 484, *sub.* 8, 9 ; *Wiles* agt. *Suydam,* 64 *N. Y.,* 177; 17 *N. Y.,* 592).

*Mr. Secor,* in reply, insisted that *Sherman* agt. *Parish* was not applicable. That action was to compel defendant, who was one of several co-trustees, to invest $18,000, and pay interest on same: *Held,* that to prevent multiplicity of suits co-trustees should be joined, and the question of contribution as between such co-trustees could be determined. We were not co-trustees. Each was a trustee successively and had no control over the other, and is liable for his own acts only. There could be no contribution between them. "It is the principle of courts of equity, in cases of breach of trust, * * * and when the facts of the case call for a contribution or a recovery over that all persons who should be before the court, to enable it to make complete and final judgment, are necessary parties" (*Sherman* agt. *Parish, supra, relied on by plaintiffs*). As before seen, in our case, there càn be no "call for a contribution."

BARNARD, P. J., to whom the case was submitted, gave judgment to the defendants, with costs, on May 9, 1879. No appeal was taken.